MELDE TILE ROOFING CO. v. PARQUET

———

(July 1, 1931. Opinion and Decree.)

———

W. J. and H. W. Waguespack, of New Orleans, attorneys for plaintiff, appellant.

W. P. Marcus, of New Orleans, attorney for defendant, appellee.

MORENO, J. ad hoc. This is a suit for $233 for damages alleged to arise out of a breach of contract between the Melde Tile Roofing Company, Inc., and Mrs. Corella Laura Parquet. The plaintiff alleges that on February 4, 1927, defendant entered into a contract whereby plaintiff was to furnish for $498 a red cement tile roof for the construction of a house for defendant at 2634 Louisiana avenue. It alleges that defendant breached the contract, and it claims as damages the profit of $233 which it would have made.

Defendant admits the confection of the contract, but alleges that plaintiff agreed to its cancellation. There was a judgment in favor of the defendant in the lower court, and from this judgment plaintiff appeals.

The principles of law applicable to a decision of the case are simple and there remains only the question of the fact of cancelation. The defendant once having admitted the existence of the obligation, the burden of proving its discharge rested upon her. We believe that the evidence amply sustains its discharge by the agreement of the parties for a release of their reciprocal obligations.

The evidence shows that the defendant employed a man named Joseph to construct for her a house on two vacant lots of ground. Joseph brought Mr. Melde, the president of the plaintiff corporation, to the home of the defendant, and she entered into the contract which is the basis of the suit. Thereafter, she was told by the homestead association which was to finance the construction of the house that the extent of its loan would be less if a cement tile roof were put upon the house than if it had a slate roof. Joseph, the contractor, told this to Mr. Melde, who, according to the testimony of Joseph, agreed to the cancelation of the contract, and said that if Joseph thereafter could secure for him another contract for the roofing of some building, he would appreciate his doing so.

Joseph said that he told Mr. Melde that Mrs. Parquet would probably build another house and that he would try to get the contract for him.

Mr. Melde, however, says that he did not agree to an unqualified cancelation of the contract, but agreed to "switch the roofs from there to the other job which would be in about three or four months." There is nothing in the record to show that Mrs. Parquet had any present intention of building any more houses, nor is there anything in the record to show that the roof for which she had contracted could be used on any house which she might build thereafter. No definite time was set for the furnishing of the roof for any house other than that for which it was originally intended, and the whole matter was so thoroughly indefinite that there is left the firm conviction that the plaintiff agreed to cancel the contract in the hope that thereafter he might secure additional business from Joseph or from Mrs. Parquet.

The contract was made on February 4, 1927, and suit was not filed until July 11, 1930. It seems somewhat unreasonable to believe that if the plaintiff thought that he had a cause of action that he would have waited three and a half years before filing his suit. The delay in filing the suit is doubtless an evidence of his consciousness that he had no cause of action.

The judge of the lower court, who saw and heard the witnesses, reached the same conclusion, and we are convinced that the decision of the lower court is correct and should be affirmed.

WESTERFIELD, Judge, and DUNBAR, JR., Judge ad hoc, participating.